THE HONORABLE _____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| AADIT RAI, as an individual on behalf of himself and all other similarly situated employees, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES LLC, a Delaware corporation; and DOES 1-10, <br><br> Defendants. | No. 2:25-cv-01905 <br><br> NOTICE OF REMOVAL |

PLEASE TAKE NOTICE THAT Defendant Amazon.com Services LLC ("Amazon") gives notice that it is removing the above-captioned case to the United States District Court for the Western District of Washington at Seattle.  In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Amazon hereby removes the state court action styled *Aadit Rai v. Amazon.com Services LLC*, Case No. 25-2-23073-2 SEA, filed in the Superior Court of the State of Washington in and for County of King.  In further support of its removal, Amazon states as follows:

### I.    PROCEDURAL BACKGROUND

1. On August 8, 2025, Plaintiff Aadit Rai ("Rai") filed his Class Action Complaint for damages and injunctive relief in the Superior Court for King County, Washington, *Aadit Rai v.*

NOTICE OF REMOVAL - 1
CASE NO. 2:25-CV-01905

*Amazon.com Services LLC*, Case No. 25-2-23073-2 SEA.  On August 11, 2025, Plaintiff filed a First Amended Class Action Complaint for damages and injunctive relief.

2. Amazon denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class.  For purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiff's FAC identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d).

## II.   TIMELINESS OF REMOVAL

3. Amazon was served with a copy of the Summons and Complaint on September 2, 2025.  Amazon accepted service of the FAC on September 12, 2025.

4. No further proceedings have been had in the state court.

5. Pursuant to 28 U.S.C. § 1446(b)(l), this Notice of Removal is timely because it was filed within 30 days after service of the Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief herein.

## III.   VENUE

6. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

7. Removal is proper to the Western District of Washington at Seattle because it is the district and division embracing King County, Washington.

## IV.   GROUNDS FOR REMOVAL

8. This Court has jurisdiction over this matter, and it is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441 and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA").

NOTICE OF REMOVAL - 2
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

9. Plaintiff purports to represent a putative class of "all individuals employed by Defendant in Washington State as an exempt Area Manager during the period of three (3) years preceding the filing of the Complaint through and including the last date of trial." FAC ¶ 37.

10. Plaintiff alleges the following violations on a class-wide basis in four causes of action against Amazon: (1) failure to pay overtime wages in violation of RCW 49.46.130, (2) failure to provide meal periods in violation of RCW 49.12 and WAC 296-126-092 and 296-131-020, (3) failure to provide rest breaks in violation of RCW 49.12 and WAC 296-126-092 and 296-131-020, (3) willful withholding of wages in violation of RCW 49.52.050 and RCW 49.52.070. FAC ¶¶ 62, 70, 78, 83.

11. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

**A.    The Putative Class Consists of More than 100 Members.**

12. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiff's putative class includes "all individuals employed by Defendant in Washington State as an exempt Area Manager during the period of three (3) years preceding the filing of the Complaint through and including the last date of trial." FAC ¶ 37. Plaintiff alleges that the putative class consists of "approximately 200 individuals." FAC ¶ 41.

14. Accordingly, while Amazon denies that class treatment is permissible or appropriate, Plaintiff's FAC confirms that the putative class contains more than 100 members.

NOTICE OF REMOVAL - 3
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**B.     Diversity of Citizenship Exists between Amazon and Plaintiff.**

15.     Minimal diversity exists because Plaintiff Rai and Amazon are citizens of California and Washington, respectively.

16.     Under CAFA's minimum diversity of citizenship requirement, one of the plaintiffs or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

17.     Plaintiff asserts that he is "an individual currently residing in California." FAC ¶ 7. Plaintiff is therefore considered a citizen of California for purposes of removal under CAFA.

18.     "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant Amazon.com Services LLC is a limited liability company with its headquarters located in Seattle, Washington. Attached as Exhibit A is the Declaration of Liz Hackett ("Hackett Decl.") ¶¶ 2-4.

19.     Based on the FAC, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant. Accordingly, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**C.     The Amount in Controversy Exceeds $5,000,000.**

20.     Although Amazon denies that Plaintiff's claims have any merit, Amazon avers, for purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff was to prevail on every claim and allegation in his FAC on behalf of the putative class, the requested monetary recovery would exceed $5 million.

21.     Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount

NOTICE OF REMOVAL - 4
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

22. Plaintiff alleges that he worked from approximately June 12, 2023 to January 31, 2024 (33 weeks) and that he was paid an annual salary of $65,500. FAC ¶ 7.

23. Plaintiff alleges that he "typically worked four days per week Sunday through Wednesday during shifts that were approximately 15 hours in length. Plaintiff averaged 20 hours of overtime per week." FAC ¶ 18.

24. Plaintiff alleges that the putative class consists of "approximately 200 individuals." FAC ¶ 41.

25. Plaintiff alleges that his claims are typical of the claims of all putative class members. FAC ¶ 43.

26. Based on the FAC, Plaintiff alleges that his hourly base rate was $31.49 (assuming 2,080 hours) and overtime rate at $47.24. *See* FAC ¶ 7. Plaintiff further alleges that he worked 60 hours per week (15-hour shifts x four shifts) totaling 20 hours of overtime weekly. *See* FAC ¶ 18. Therefore, for the 33 weeks he worked (June 12, 2023 to January 31, 2024), Plaintiff allegedly accrued $31,178.40 in unpaid overtime wages alone ($47.24 x 20 hours OT per week x 33 weeks).

27. Applying a number of reasonably conservative scenarios, the class-wide damages are well over the $5,000,000 threshold. Scenario 1: Assuming the roughly 200 class members accrued similar overtime entitlement, damages would be $6,235,600 ($47.24 x 20 hours OT per week x 33 weeks x 200 individuals). This is likely a conservative estimate given that Plaintiff worked only 33 weeks of the 164 weeks during the statutory period (20% of the statutory period). Scenario 2: Assuming just half of the putative class (100 putative class members) worked for the full 164-week class period (from August 8, 2022 to September 29, 2025), the putative class would

NOTICE OF REMOVAL - 5
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

have accrued roughly $15,494,720 ($47.24 x 20 hours over 164 weeks for 100 individuals). Scenario 3: Assuming the 200 putative class members worked on average 10 hours OT per week (rather than 20 hours OT per week as Plaintiff claims) for 82 weeks (half of the statutory period), the putative class would have accrued roughly $7,747,360 ($47.24 x 10 hours OT per week x 82 weeks x 200 individuals).

28.   As demonstrated by the calculations above, the amount in controversy for the first cause of action for unpaid overtime wages due to misclassification alone reasonably exceeds $5,000,000 under several reasonable scenarios.  This estimate is conservative as it, among other things, does not include the attorneys' fees that Plaintiff seeks, nor does it include damages for the three other claims for which Plaintiff is seeking relief which combined could reasonably accrue another several million in damages (Second Cause of Action: unpaid wages for failure to provide meal breaks; Third Cause of Action: unpaid wages for failure to provide rest breaks; and Fourth Cause of Action: willful withholding of wages).  *See* FAC Prayer for Relief.

**V.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

29.   Consistent with 28 U.S.C. § 1446, Amazon provides this Notice of Removal, which provides the requisite "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

30.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all exhibits, is being served upon counsel for Gant and a copy of this Notice of Removal, with all exhibits, is being filed with the Clerk of the Superior Court of King County.

31.   Amazon has complied with all applicable local rules for the Western District of Washington regarding this Notice of Removal.

32.   Because Amazon has shown that federal jurisdiction has been established over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies and justifies remand.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  Plaintiff

NOTICE OF REMOVAL - 6
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

cannot meet this burden, as no exceptions apply to this action. Amazon expressly reserves its right to contest and further brief the applicability of any exception to removal under CAFA that Plaintiff may identify in any motion for remand.

### VI. CONCLUSION

33. In sum, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a) This is a civil action that is a "class action" within the meaning of § 1332(d)(1)(B);

   b) The action involves a putative class of at least 100 members, as required by § 1332(d)(5)(B);

   c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

   d) At least one member of the putative class is a citizen of a state different from that of any defendant, as required by § 1332(d)(2)(A).

34. Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

NOTICE OF REMOVAL - 7
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 2nd day of October, 2025.

    Davis Wright Tremaine LLP
*Attorneys for Defendant*
Amazon.com Services LLC

By *s/Sheehan Sullivan*
    Sheehan Sullivan, WSBA #33189

By *s/ Rebecca Lynch*
    Rebecca Lynch, WSBA #58018

By *s/David M. Rund*
    David M. Rund, WSBA #60862

    920 Fifth Avenue, Suite 3300
    Seattle, WA 98104-1610
    Telephone: 206.622.3150
    Fax: 206.757.7700
    E-mail: sheehansullivan@dwt.com
           rebeccalynch@dwt.com
           davidrund@dwt.com

By *s/Melissa K. Mordy*
    Melissa K. Mordy, WSBA #41879
    929 108th Ave NE Unit 1500
    Bellevue, WA 98004
    Telephone: 425.646.6194
    Fax: 425.709.6094
    E-mail: missymordy@dwt.com

NOTICE OF REMOVAL - 8
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **CERTIFICATE OF SERVICE**

I, hereby certify under penalty of perjury under the laws of the State of Washington that, on the 2nd day of October 2025, that electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed to the following counsel.

*Attorney for Plaintiff*

Hali M. Anderson
Allison Schubert
**GRAHAM HOLLIS APC**
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
Phone: 619.692.0800x8225
handerson@grahamhollis.com
aschubert@grahamhollis.com

☐ Messenger
☐ U.S. Mail, postage prepaid
☐ Federal Express
☐ Fax
☒ ECF and/or EMAIL

Additional recipients:
Carrie Rogers
crogers@grahamhollis.com

DATED this 2nd day of October, 2025.

*s/ Lorrie Salinas-Malins*
Lorrie Salinas-Malins

NOTICE OF REMOVAL - 9
CASE NO. 2:25-CV-01905

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax