FILED
2025 AUG 08 03:03 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-23073-2 SEA

# SUPERIOR COURT OF THE STATE OF WASHINGTON

# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| AADIT RAI, as an individual on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware corporation; and DOES 1-10,<br><br>Defendant. | No.:<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

CLASS ACTION COMPLAINT - 1

GrahamHollis APC
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
(619) 692-0800

Plaintiff AADIT RAI ("Plaintiff") brings this class action on behalf of himself and all persons similarly situated against Defendant AMAZON.COM SERVICES LLC, and DOES 1 through 10, (collectively, "Defendant"), on the following grounds:

## I. INTRODUCTION

1. This class action complaint is brought by Plaintiff on behalf of himself and all other current and former similarly situated employees of Defendant who worked as Area Managers, were classified as exempt employees, and paid on a salary basis.

2. Plaintiff asserts that during the relevant time period, Defendant engaged in a common pattern and practice of wage and hour violations under Washington's Industrial Welfare Act ("IWA"), RCW 49.12; Minimum Wage Act ("MWA"), RCW 49.46; Wage Payment Act ("WPA"), RCW 49.48; and Wage Rebate Act ("WRA"), RCW 49.52. Specifically, Defendant systematically misclassified Area Managers, including Plaintiff, as exempt employees, willfully failed to pay them overtime wages, and willfully denied them statutorily required meal and rest periods.

3. By and through this class action, Plaintiff seeks to recover all available remedies, including, but not limited to, unpaid wages, penalties, interest, injunctive relief, and reasonable attorneys' fees and costs, as provided under Washington law.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to RCW 2.08.010.

5. Defendant conducts business in the state of Washington and employs putative class members statewide, including in King County. The unlawful acts alleged herein have a direct effect on putative class members who work and live within Washington.

6. Venue as to Defendant is proper in King County pursuant to RCW 4.12.025. Defendant is a Delaware corporation with its headquarters located in Seattle, Washington.

## III. THE PARTIES

7. Plaintiff Aadit Rai is an individual currently residing in California. Plaintiff was employed by Defendant from approximately June 12, 2023 to January 31, 2024 as an Area

CLASS ACTION COMPLAINT - 2

GrahamHollis APC
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
(619) 692-0800

Manager at Defendant's fulfillment center in Lakewood, Washington. Plaintiff was classified as an exempt employee and was paid an annual salary of $65,500.00. Plaintiff typically worked four days per week from Sunday through Wednesday during shifts that were approximately 15 hours in length. He brings this complaint on his own behalf and on behalf of other exempt, salaried Area Managers who worked for Defendant in Washington.

8. Defendant Amazon.com Services LLC is a Delaware corporation with its headquarters located in Seattle, Washington. Amazon.com Services LLC operates Amazon fulfillment centers and customer service centers in Washington and throughout the United States. Amazon.com Services LLC is an "employer" for purposes of the IWA, MWA, WPA, and WRA.

9. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of defendant Does 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names pursuant to Washington Superior Court Civil Rules, CR 10(a)(2). Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitiously named defendants when their true names are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious defendants has participated in the acts and/or omissions alleged in this Complaint.

10. At all times mentioned herein, the acts alleged to have been done and/or caused by the named defendant are also alleged to have been done and/or caused by the fictitiously named defendants, and by each of their agents and/or employees who acted within the scope of their agency and/or employment.

11. At all times mentioned herein, each named defendant, including each fictitiously named defendant, is believed to have acted individually or as an officer, agent, or employee of the other defendants, including each fictitiously named defendant.

12. At all times mentioned herein, each named defendant, including each fictitiously named defendant, acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the other defendants, and in doing the things alleged herein, acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture.

GrahamHollis APC
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
(619) 692-0800

13. At all times mentioned herein, the acts and/or omissions of each of the named defendants, including each fictitiously named defendant, concurrently contributed to the various acts and/or omissions of each and every one of the other defendants, including each fictitiously named defendant, in proximately causing the wrongful conduct, harm, and/or damages alleged herein. Each of the named defendants, including each fictitiously named defendant, approved of, condoned, and/or otherwise ratified each and every one of the acts and/or omissions complained herein. Each named defendant, including each fictitiously named defendant, was and is acting with authority of each and every other defendant and/or are acting as agents of each and every other defendant or Doe defendant.

14. At all times mentioned herein there was a unity of interest and ownership between each named defendant, including each fictitiously named defendant, such that all defendants, including each fictitiously named defendant, acted as a single employer of Plaintiff and all other similarly situated employees.

15. At all times mentioned herein, each named defendant, including each fictitiously named defendant, exercised supervision and control over the wages, hours, and/or working conditions of Plaintiff and all other similarly situated employees, including, but not limited to, implementing standard policies and procedures.

16. Each named defendant, including each fictitiously named defendant, is jointly and severally liable for each of the violations alleged herein.

## IV.   FACTUAL ALLEGATIONS

17. Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

18. Plaintiff worked for Defendant from June 12, 2023 to January 31, 2024 as an exempt, salaried Area Manager at Defendant's fulfillment center in Lakewood, Washington. Plaintiff typically worked four days per week from Sunday through Wednesday during shifts that were approximately 15 hours in length. Plaintiff averaged 20 hours of overtime per week.

19. Plaintiff and other similarly situated employees were improperly classified by

Defendant as exempt salaried employees under the MWA because they were not employed in an executive, administrative, or professional exempt capacity.

20. Due to understaffing and onerous quotas at Defendant's warehouses, Plaintiff's and other similarly situated employees' primary job duty was to process packages, which consisted of receiving packages from fulfillment centers, scanning labels, and sorting and routing packages at the warehouse. Plaintiff and other similarly situated employees spent more than 50 percent of their work time processing packages, which was their primary duty both quantitatively and qualitatively.

21. Plaintiff and other similarly situated employees spent less than 50 percent of their work time on other tasks, including preparing their workstations, conducting a start-up meeting to discuss goals for the day, and supervising associates and/or warehouse workers by tracking their work performance, ensuring compliance with safety protocols, and providing training on different work processes such as scanning codes.

22. Thus, the primary job duty of Plaintiff and other similarly situated employees, which was to process packages, does not meet the "duties test" of the executive, administrative, or professional exemptions. Plaintiff and other similarly situated employees were not primarily engaged in: (1) "the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof" as required under the executive exemption (WAC 296-128-510); (2) "office or nonmanual work directly related to the management or general business operations of the employer or the employer's customers" as required under the administrative exemption (WAC 296-128-520); or (3) work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction as required under the professional exemption (WAC 296-128-530). Accordingly, Plaintiff and other similarly situated employees should have been classified as non-exempt employees and received the full rights and protections afforded by the MWA.

23. During the relevant period, Defendant had a common policy and practice of failing

to pay Plaintiff and other similarly situated employees overtime wages for all hours worked in excess of 40 hours per workweek. For instance, Plaintiff typically worked 60 hours per workweek but was not paid one and one-half times his regular rate of pay for all hours over 40 in a workweek. Defendant's failure to pay overtime wages results from Defendant's misclassification of Plaintiff and other similarly situated employees as exempt employees.

24. During the relevant time period, Defendant had a common policy and practice of failing to provide Plaintiff and other similarly situated employees with a 30-minute, work-free meal period by the fifth hour of work when they worked five or more consecutive hours in a day; or with a second 30-minute, work-free meal period within five hours from the end of the first meal period when they worked 11 or more hours in a day.

25. Plaintiff and other similarly situated employees worked shifts in excess of 11 hours in a day. However, Defendant created and maintained work schedules, staffing levels, workloads, and other job requirements that forced Plaintiff and other similarly situated employees to take meal periods that were less than 30 minutes, after the fifth hour of work, and/or interrupted by work duties, or to forgo their meal periods entirely. For instance, Plaintiff frequently worked through both of his meal periods or could only take one meal period that was 15 minutes in length because Defendant imposed demanding productivity quotas, while at the same time understaffing its warehouses.

26. Plaintiff and other similarly situated employees did not waive their rights to 30-minute meal periods in compliance with Washington law.

27. Defendant failed to provide Plaintiff and other similarly situated employees with a procedure by which they could report instances of when they were required to work over five and/or 11 hours and were not provided a meal period that was at least 30 minutes, work-free, or taken by the fifth hour of work or within five hours from the end of their first meal period.

28. At all material times, Defendant did not have a policy or practice of compensating Plaintiff and other similarly situated employees for an additional 30 minutes of work for each instance Defendant required them to work shifts greater than five and/or 11 hours in length and

did not provide a first and/or second meal period in compliance with Washington law.

29.     When additional time to compensate for meal periods exceeded over forty in a workweek, Defendant did not pay Plaintiff and other similarly situated employees one and one-half their regular rate of pay for these overtime hours.

30.     During the relevant time period, Defendant had a common policy and practice of failing to provide Plaintiff and other similarly situated employees with a rest period of at least 10 minutes when they worked over three consecutive hours in day and/or a rest period of at least 10 minutes in duration for every four hours worked.

31.     Plaintiff and other similarly situated employees worked shifts in excess of three consecutive hours. However, Defendant created and maintained work schedules, staffing levels, workloads, and other job requirements that forced Plaintiff and other similarly situated employees to take rest periods that were less than 10 minutes in duration for each four hours worked, interrupted by work duties, or to forgo their rest periods entirely. For instance, Plaintiff rarely, if ever, took a rest period during his shifts due to understaffing and demanding productivity quotas.

32.     Defendant failed to provide Plaintiff and other similarly situated employees with a procedure by which they could report instances of when they were required to work more than three consecutive hours without a rest period, received a rest period less than ten minutes in duration, or did not receive a rest period of at least ten minutes for every four hours worked.

33.     At all material times, Defendant did not have a policy or practice of compensating Plaintiff and other similarly situated employees for an additional 10 minutes of work for each instance Defendant required them to work more than three consecutive hours without a rest period, received a rest period less than ten minutes in duration, or did not receive a rest period of at least ten minutes for every four hours worked.

34.     When additional time to compensate for rest periods exceeded over forty in a workweek, Defendant did not pay Plaintiff and other similarly situated employees one and one-half their regular rate of pay for these overtime hours.

35.     As a result of Defendant's uniform policies and practices of misclassifying Plaintiff

and other similarly situated employees as exempt, salaried employees; failing to provide compliant meal periods; and failing to provide compliant rest periods, Plaintiff and other similarly situated employees have been, and continue to be, systematically denied pay for all compensable hours in violation of Washington law.

## V.   CLASS ALLEGATIONS

36. Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

37. Plaintiff seeks to represent the following class, which is defined as follows:

**Area Manager Class:**
All individuals employed by Defendant in Washington State as an exempt Area Manager during the period of three (3) years preceding the filing of the Complaint through and including the last date of trial.

38. A more precise definition of the Area Manager Class may be determined after further investigation and discovery. Plaintiff reserves his right to redefine the class and/or create additional classes and/or sub-classes at any time prior to the court's order on Plaintiff's class certification motion as provided by law.

39. Plaintiff brings this action on behalf of himself and on behalf of all persons within the Area Manager Class defined herein.

40. This action is appropriately suited for a class action pursuant to CR 23(a) and (b)(3), because the following statutory requirements are met:

**A.   Numerosity**

41. The members of the Area Manager Class are sufficiently numerous to render the joinder of all the members impracticable. While Plaintiff has not yet determined the precise number of members of the Area Manager Class, Plaintiff is informed and believes that the Class likely consists of approximately 200 individuals. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendant's time and payroll records and other records of Defendant.

///

CLASS ACTION COMPLAINT - 8

GrahamHollis APC
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
(619) 692-0800

**B.     Commonality**

42.     Common questions of law and fact exist as to all putative class members, including, but not limited to:

    a.     Whether Defendant has a policy or practice of misclassifying members of the Area Manager Class as exempt, salaried employees;

    b.     Whether Area Manager Class members were primarily engaged in work duties that meet the "duties test" of the executive, administrative, and/or professional exemptions;

    c.     Whether Defendant has a policy or practice of failing to provide members of the Area Manager Class who work shifts in excess of five consecutive hours with a 30-minute meal period in compliance with Washington law;

    d.     Whether Defendant has a policy or practice of failing to provide members of the Area Manager Class who work shifts in excess of 11 hours with a second 30-minute meal period in compliance with Washington law;

    e.     Whether Defendant is required to compensate members of the Area Manager Class for an additional 30 minutes of work time for each shift of five or more consecutive hours that Defendant failed to provide a compliant meal period of at least 30 minutes;

    f.     Whether Defendant is required to compensate members of the Area Manager Class for an additional 30 minutes of work time for each shift of 11 or more hours that Defendant failed to provide a second compliant meal period of at least 30 minutes;

    g.     Whether Defendant failed to compensate members of the Area Manager Class for an additional 30 minutes of work time for each instance they were provided a non-compliant meal period;

    h.     Whether Defendant has a policy or practice of failing to provide members of the Area Manager Class who work shifts in excess of three consecutive

hours with a 10-minute rest period in compliance with Washington law;

    i. Whether Defendant is required to compensate members of the Area Manager Class for an additional 10 minutes of work time for each shift of three or more consecutive hours that Defendant failed to provide a compliant rest period of at least 10 minutes;

    j. Whether Defendant failed to compensate members of the Area Manager Class for an additional 10 minutes of work time for each instance they were provided a non-compliant rest period;

    k. Whether Defendant failed to pay Area Manager Class members one and one-half their regular rate of pay for all hours worked over 40 in a workweek, inclusive of additional time to compensate them for non-compliant or missed meal and rest periods;

    l. Whether Defendant violated Washington wage and hour laws, including the IWA, MWA, WPA, and WRA; and

    m. Whether Defendant acted willfully and with the intent of depriving Area Manager Class members of their wages.

### C. Typicality

43. Plaintiff's claims are typical of the claims of all putative class members because Plaintiff's and all putative class members' claims arise from the same events, practices and/or courses of conduct of Defendant. Plaintiff and all putative class members sustained injuries and damages as a result of Defendant's illegal policies, practices and/or common courses of conduct in violation of Washington laws.

44. Defendant's failure to comply with the provisions of Washington's wage and hour laws entitles Plaintiff and each putative class member to similar pay, benefits, and other relief. Accordingly, the legal theories underlying each cause of action are the same and the remedies sought by Plaintiff and all putative class members are the same.

///

### D.   Adequacy of Representation

45. Plaintiff is a member of the Area Manager Class and he has no fundamental conflict of interest with the putative class members he seeks to represent.

46. Plaintiff will vigorously protect the interests of all putative class members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the putative class members.

47. Plaintiff retained attorneys who are experienced employment law litigators with significant wage and hour and class action experience, who have devoted substantial time and resources in investigating the class claims, and who will vigorously prosecute this litigation.

### E.   Predominance

48. The common questions of law and fact set forth at paragraph 42, *supra*, will predominate over any issues involving only individual class members.

### E.   Superiority of Class Action

49. A class action is a superior method of litigation for the fair and efficient adjudication of this controversy. Individual joinder of all putative class members is not practicable. Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

50. The prosecution of separate actions by the Area Manager Class members could result in inconsistent adjudications, or as a practical matter, dispose of the legal claims of Area Manager Class members who are not parties to such separate adjudications. For instance, one court could find an employee to be "exempt" from overtime pay, while another court could find another employee with the same job duties to be entitled to overtime pay.

51. Area Manager Class members would have little interest in individually controlling the litigation due to the relatively small size of most claims. Further, Plaintiff and his attorneys will vigorously pursue the claims on behalf of the Area Manager Class members.

52. Superiority of the class action device in this litigation is also supported by public policy considerations. Employees are disincentivized to bring individual wage and hour claims

due to the small value of their claims in comparison to the cost of litigation. Current employees are often afraid to bring an action against their employer in fear of retaliation and losing their job. Class actions allow unnamed putative class members to seek redress for their wage and hour violations while also protecting their privacy.

53. In sum, the Court should permit this action to be maintained as a class action pursuant to CR 23.

## VI. FIRST CAUSE OF ACTION – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT

**(Alleged By Plaintiff, Individually and On Behalf of the Area Manager Class)**

54. Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

55. The MWA, RCW 49.46.130(1), provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

56. Individuals employed in a bona fide executive, administrative or professional capacity are exempted from receiving overtime wages pursuant to RCA 49.46.130(2)(a).

57. As set forth above, Defendant maintained a common policy and practice of misclassifying Plaintiff and other Area Manager Class members as exempt, salaried employees.

58. Plaintiff and other Area Manager Class members did not meet the "duties test" of the executive, administrative, or professional exemptions because they spent more than 50 percent of their work time processing packages.

59. Due to Defendant's misclassification scheme, Plaintiff and other Area Manager Class members regularly worked in excess of 40 hours in a workweek without being compensated at a rate not less than one and one-half times their regular rate of pay for these overtime hours.

60. Plaintiff and other Area Manager Class members were not paid one and one-half times their regular rate of pay for the additional compensable time for Defendant's failure to

CLASS ACTION COMPLAINT - 12

GrahamHollis APC
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
(619) 692-0800

1 provide compliant rest periods and meal periods exceeding 40 hours in a workweek.

2     61.    As a direct result of Defendant's unlawful failure to pay overtime wages, Plaintiff and Area Manager Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

    62.    Having been deprived of overtime pay for all compensable hours in violation of Washington law, including RCW 49.46.090, 49.46.130, and 49.52.050, Plaintiff and the Area Manager Class members are entitled to, and now seek to recover, all unpaid wages at the applicable wage rates, prejudgment interest, and reasonable attorneys' fees and costs.

**VII.    SECOND CAUSE OF ACTION – FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO PAY WAGES OWED IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT AND WASHINGTON WAGE PAYMENT ACT**

**(Alleged By Plaintiff, Individually and On Behalf of the Area Manager Class)**

    63.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

    64.    The IWA, RCW 49.12, and its implementing regulations, WAC 296-126-092 and 296-131-020, require employers to provide employees with an unpaid, work-free meal period that is at least 30 minutes in length by the fifth hour of work if the employee works more than five consecutive hours. If an employee works 11 or more hours in a day, the employer must provide a second 30-minute meal period within five hours from the end of the first meal period and for each additional five hours worked.

    65.    Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

    66.    A meal period violation is a wage violation that entitles employees to 30 minutes of additional compensation for each instance they are required to work more than five consecutive hours and/or 11 hours in a day and are not provided a first and/or second meal period in compliance

with Washington law. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018), citing *Hill v. Garda CL Nw., Inc.*, 198 Wn.App 326, 361 (2017).

67. Defendant maintained a common policy and practice of failing to provide Plaintiff and other Area Manager Class members with a 30-minute, work-free meal period by the fifth hour of work when they worked five or more consecutive hours in a day; or with a second 30-minute, work-free meal period within five hours from the end of the first meal period when they worked 11 or more hours in a day, in violation of the IWA and its implementing regulations.

68. Defendant further violated the MWA and WPA when it failed to compensate Plaintiff and other Area Manager Class members for 30 minutes of work for each instance a meal period was not provided in compliance with the IWA.

69. As a direct result of Defendant's failure to provide all required meal periods and its failure to properly compensate for missed or otherwise non-compliant meal periods, Plaintiff and Area Manager Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

70. Having been deprived of compliant meal periods and compensation of 30-minutes of additional time for each non-compliant meal period in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, and RCW 49.52.050, Plaintiff and the Area Manager Class members are entitled to, and now seek to recover, all unpaid wages at the applicable wage rates, prejudgment interest, and reasonable attorneys' fees and costs.

## VIII. THIRD CAUSE OF ACTION– FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT AND FAILURE TO PAY WAGES OWED IN VIOLATION OF THE WASHINGTON MINIMUM WAGE ACT AND WASHINGTON WAGE PAYMENT ACT

**(Alleged by Plaintiff, Individually and On Behalf of the Area Manager Class)**

71. Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

72. The IWA, RCW 49.12, and its implementing regulations, WAC 296-126-092 and

296-131-020, require employers to provide employees with a paid, 10-minute rest period for each four hours of working time. No employee shall be required to work more than three hours without a rest period.

73.  Employees have an implied cause of action for violations of RCW 49.12 to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

74.  A rest period violation is a wage violation that entitles employees to 10 minutes of additional compensation for each instance they are required to work more than three consecutive hours without a rest period and/or are not provided with a rest period for every four hours worked in compliance with Washington law. *Wingert*, 146 Wn.2d at 849.

75.  Defendant maintained a common policy and practice of failing to provide Plaintiff and other Area Manager Class members with a rest period of at least 10 minutes when they worked over three consecutive hours in day and/or a rest period of at least 10 minutes for every four hours worked, in violation of the IWA and its implementing regulations.

76.  Defendant further violated the MWA and WPA when it failed to compensate Plaintiff and other Area Manager Class members for 10 minutes of work for each instance a rest period was not provided in compliance with the IWA.

77.  As a direct result of Defendant's failure to provide all required rest periods and its failure to properly compensate for missed or otherwise non-compliant rest periods, Plaintiff and Area Manager Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

78.  Having been deprived of compliant rest periods and compensation of 10-minutes of additional time for each non-compliant rest period in violation of Washington law, including RCW 49.46.020, RCW 49.46.090, and RCW 49.52.050, Plaintiff and the Area Manager Class members are entitled to, and now seek to recover, all unpaid wages at the applicable wage rates, prejudgment interest, and reasonable attorneys' fees and costs.

## IX. FOURTH CAUSE OF ACTION – WILLFUL WITHHOLDING OF WAGES IN VIOLATION OF THE WASHINGTON WAGE REBATE ACT

**(Alleged by Plaintiff, Individually and On Behalf of the Area Manager Class)**

79. Plaintiff realleges and incorporates by reference, as though fully set forth herein, all paragraphs of this Complaint.

80. Defendant's misclassification of Area Manager Class members, failure to pay overtime wages owed, failure to provide compliant meal periods or compensate 30-minutes of additional time for each non-compliant meal period, and failure to provide compliant rest periods or compensate 10-minutes of additional time for each non-compliant rest period deprived Plaintiff and other Area Manager Class members of pay willfully and with intent to do so, in violation of RCW 49.52.050 and RCW 49.52.070.

81. Defendant's failure to pay overtime wages for all hours in excess of 40 in a workweek and the failure to pay additional wages to compensate for non-compliant meal and rest periods was not the result of carelessness or administrative or clerical errors.

82. Moreover, there is no "fairly debatable" issue of law or any objectively or subjectively reasonable ("bona fide") dispute whether overtime wages are owed or whether additional wages are owed to compensate for non-compliant meal and rest periods. The violations at issue have been proscribed by long-standing statutory and case authority.

83. Therefore, Plaintiff and the Area Manager Class members are entitled to, and now seek to recover, double damages and reasonable attorneys' fees and costs.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant in favor of the Area Manager Class as follows:

A. For an order determining that this action may be maintained as a class action with the named Plaintiff as the class representative;

B. For the undersigned counsel for Plaintiff to be appointed as class counsel;

C. For damages for unpaid wages due to Plaintiff and the Area Manager Class in

amounts to be proven at trial;

D. For exemplary damages in amounts equal to double the wages due to Plaintiff and the Area Manager Class pursuant to RCW 49.52.070;

E. For an order enjoining Defendant from engaging in the wrongful conduct set forth above;

F. For attorney's fees and costs pursuant to RCW 49.12.150, 49.46.090, 49.48.030 and 49.52.070;

G. For prejudgment interest pursuant to RCW 19.52.010; and

H. For any other relief the Court may deem as just and proper.

Dated this 8th day of August, 2025.

/s/ Hali M. Anderson
Hali M. Anderson, WSBA No. 62608
GrahamHollis APC
3555 Fifth Avenue, Suite 200
San Diego, CA 92103
Telephone: (619) 692-0800
Facsimile: (619) 692-0822
Email: handerson@grahamhollis.com
Attorney for Plaintiff